UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHEL WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:16-CV-3213 |
| | ) |
| REALHOME SERVICES AND SOLUTIONS, INC., | ) ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RACHEL WATSON ("Watson"), by counsel, brings this action against Realhome Services and Solutions, Inc. ("Defendant"), and shows as follows:

## OVERVIEW

1. Defendant failed to pay Watson the same as her male counterparts as required by the Fair Labor Standards Act ("FLSA") as amended by the Equal Pay Act ("EPA").

## PARTIES

2. Watson resides in Hamilton County. At all times hereinafter mentioned, Watson was an employee as defined by 29 U.S.C. § 203(e)(1).

3. Defendant is an foreign corporation doing business in the state of Indiana and is an "employer" within the meaning of 29 U.S.C. § 203(d).

4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## JURISDICTION

5. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

## VENUE

6. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §1391.

## FACTS

7. Defendant hired Watson on or about October 8, 2012. Defendant hired Watson temporarily as a sales associates until such time as she could procure the necessary licensures to become the Qualifying Broker in the state of Indiana.

8. At the time Watson was hired, Defendant paid her a base salary of $50,000.

9. Defendant paid its Qualifying Brokers a base salary of $100,000 in 2012.

10. In December 2012, Defendant transitioned Watson to the Qualifying Broker position. Notwithstanding this change in position, Watson was not given pay commensurate with her position.

11. Watson was thereafter placed in charge of the Wisconsin, Minnesota, and portions of the Illinois markets.

12. Upon information and belief, male Qualifying Brokers who had load ranking below Watson were paid $100,000 despite have fewer properties to liquidate.

13. In the twelve months prior to Watson's separation on October 24, 2016, her load ranking was 6th out of 16th Qualifying Brokers. Six (6) of the brokers below here were male and are believed to have been paid more than Watson.

14. In the twelve months prior to Watson's resignation, Watson had a higher load ranking than these same male brokers that were being paid more than she was.

15. Watson was paid a lower base salary than her male counterparts despite have greater responsibility than they.

### COUNT I:  FAILURE TO PAY EQUAL WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16. Watson hereby incorporates paragraphs one (1) through fifteen (15) of her complaint as if the same were stated herein.

17. During the relevant time period, Defendant failed to pay Watson equal pay for equal work.

18. Watson has suffered harm as a result of Defendant unlawful conduct.

19. A former president of the company challenged Defendant's pay practices when it came to male employees.  Defendant was put on notice by an executive that these practices were violative of the law.

20. Defendant's actions were intentional, willful, and in reckless disregard of Watson's rights as protected by 29 U.S.C. §§201 *et. seq.* and 215(a)(3).

### PRAYER FOR RELIEF

WHEREFORE, Watson respectfully requests that the Court grant her the following relief:

a. Find Defendant in violation of the FLSA as amended by the EPA and order it to pay Watson wages to which she is entitled;

b. Order Defendant to pay Watson liquidated damages equal to the amount of its' EPA violation;

    c.    Order Defendant to pay Watson's fees incurred as a result of bringing this action;

    d.    Order Defendant to pay Watson's costs incurred as a result of bringing this action;

    e.    An Order awarding Watson pre-judgment and post-judgment interest at the highest rates provided for by law; and

    f.    An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone:  (317) 500-0700
Facsimile:  (317) 623-8503
E-Mail:  indy2buck@hotmal.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone:  (317) 500-0700
Facsimile:  (317) 623-8503
E-Mail:  indy2buck@hotmal.com

Attorney for Plaintiff